Félix y Carmen Cortés Díaz, Teresa y Luisa Díaz Maldo-
nado y Manuel y Elisa Díaz, demandantes y apelantes,
v. Gabriel Garau Castañer y Cristóbal Díaz Maldonado,
demandados y apelados.

No. 3428.—*Visto:* Febrero 19, 1925. *Resuelto:* Julio 24, 1925.

1. Apelación y Error—Récord y Procedimientos que no Están en Récord—
Autenticación y Certificación—Prueba Documental que no es Parte de
las Alegaciones.—La prueba presentada en juicio que no forma parte de
las alegaciones debe ser certificada por el juez, aunque sea documental, y
no por el secretario.

2. Apelación y Error—Resolución y Disposición del Caso—Confirmación—
Autos Incompletos.—Cuando por haberse elevado unos autos incompletos
en apelación, el Tribunal Supremo no está en condiciones de discutir los
errores levantados por el apelante, procede confirmar la resolución apelada.

Resolución de *Enrique Lloreda,* J. (Arecibo), no aceptando terce-
ría presentada en cuanto a la suspensión del procedimiento eje-
cutivo hipotecario, y declarando no haber lugar a la suspensión
de la subasta anunciada. *Confirmada.*

*José Tous Soto* y *Manuel Tous Soto,* abogados de los apelantes; *Fé-
lix Santoni,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

Aparece de la opinión y sentencia en este caso que Ga-
briel Garau Castañer, estableció un procedimiento sumario
en ejecución de una hipoteca contra Cristóbal Díaz Maldo-
nado. Los apelantes Félix Cortés y otros aparentemente
trataron de intervenir en dicho procedimiento ejecutivo su-
mario. La demanda de tercería lleva el número 7398.

Gabriel Garau Castañer hizo una oposición a la demanda
de tercería. El juicio tuvo lugar el día 26 de julio, 1924, y
el 29 de julio, 1924, la corte resolvió que una tercería de la
clase que se pretendía no procedía para paralizar el proce-
dimiento ejecutivo sumario y nos inclinamos al parecer de
que la corte tuvo razón. Sin embargo, no basamos nuestra
decisión en este fundamento.

Tenemos ante nuestra consideración unos autos entera-
mente incompletos. Las alegaciones en el procedimiento

sumario de hipoteca no han sido certificadas a nosotros. No tenemos ninguna certificación, exposición del caso o pliego de excepciones que muestre la prueba oída por la Corte de Distrito de Arecibo en el juicio. De lo más lo que podíamos tomar conocimiento era de un certificado del registrador de la propiedad al cual se refiere la demanda de tercería, así como una declaratoria de herederos y una sentencia anterior de la Corte de Distrito de Arecibo. El Secretario de la Corte de Distrito de Arecibo certifica que ciertos documentos que anteceden son copia fiel de todos los documentos en el caso civil No. 7963, una tercería presentada dentro del procedimiento sumario número 7398. Algunos de los documentos que anteceden son otras certificaciones del registro de la propiedad. Una de estas certificiones no forma parte de la demanda y fué pedida y archivada en el año 1924 mientras que la acción fué establecida en 1919. Otro de estos certificados del registrador fué pedido por el abogado de Gabriel Garau Castañer, la demandante original en el procedimiento ejecutivo de hipoteca, y era un documento que fué evidentemente presentado en oposición a la demanda.

[1, 2] La teoría del apelante evidentemente fué que ésta era toda la prueba documental y no necesitaba más que la certificación del secretario, pero hemos sostenido que la prueba presentada en el juicio que no forma parte de las alegaciones debe ser certificada por el juez aunque sea documental. *Non constat* que el juez haya tenido ante su consideración otra prueba. De documentos anexos a una demanda solamente el otorgamiento y autenticidad se admite. Ellos por sí no prueban necesariamente su contenido, especialmente no siendo las alegaciones de una demanda prueba en el juicio. Teniendo ante nosotros un legajo de sentencia imperfecto, sin ninguna exposición de la prueba aducida al juicio, no estamos de modo alguno en condiciones de discutir los errores levantados por el apelante.

El apelado también llama la atención a que la apelación

aparentemente fué interpuesta en el procedimiento de ter-
cería y no en el procedimiento ejecutivo sumario, en el cual
la sentencia fué dictada. Quizás hay alguna fuerza en la
sugestión de no haber derecho a apelar, pero fundamos nues-
tra decisión en la falta de unos autos completos.

*Debe confirmarse la resolución apelada.*